United States District Court
Southern District of Texas
**ENTERED**
September 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GETAHUN ZERABRUK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-000350 |
| | § | |
| EMMANUEL GARCIA, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Petitioner Getahun Zerabruk's petition for writ of habeas corpus. (D.E. 1). In response, the Government moves for summary judgment. (D.E. 14). Because Petitioner fails to demonstrate circumstances of his status or barriers to his return to Eritrea that would demonstrate no significant likelihood of removal in the reasonably foreseeable future, the Court **GRANTS** the Government's motion for summary judgment, (D.E. 14), and **DENIES** Petitioner's petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

## I. Background

Petitioner, a citizen of Eritrea, unlawfully entered the United States on January 8, 2025. (D.E. 14-1, p. 1). Petitioner was immediately placed in expedited removal proceedings. *Id.* at 2; (D.E. 14-2). The Department of Homeland Security and an immigration judge both found Petitioner lacked a credible fear of return to Eritrea. (D.E. 14-4). Petitioner's removal order became final on April 15, 2025.

Petitioner has remained in Immigration and Custom Enforcement's (ICE) custody since January 8, 2025—approximately 20 months. *See* (D.E. 1). Petitioner remains in immigration custody while ICE seeks to effectuate his removal. *See* (D.E. 14).

Petitioner asserts he is entitled to release because his prolonged detention violates his due process rights and his removal to Eritrea is not reasonably foreseeable. (D.E. 1, p. 7–8). In response, the Government moves for summary judgment. (D.E. 14). It contends that Petitioner's detention is lawful because (1) 8 U.S.C. § 1231(a)(6) permits Petitioner's ongoing detention, and (2) there is a likelihood of Petitioner's removal in the reasonably foreseeable future. *Id.* at 3–5.

## II. Law & Analysis

### A. Habeas Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Under 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including those in immigration detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). "A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *2 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.) (citations omitted) (citation modified). "If a district court entertains a *habeas* petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citations omitted); *see also* 28 U.S.C. § 2243.

### B. Summary Judgment Standard

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Rule 56 states: "The court shall

grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**C. Section 1231**

Section 1231 "authorizes the detention of aliens who have already been ordered removed from the country." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018). Pursuant to this section, "when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, . . . and the alien must be detained during that period." *Id.*; *see also* 8 U.S.C. § 1231.

If the Government fails to remove the alien during that period, the Government may exercise its discretion and detain certain aliens beyond their removal period. *Id.* at § 1231(a)(6); *Zadvydas*, 533 U.S. at 682. The Government's discretion is not "unlimited." *Zadvydas*, 533 U.S. at 697. Recognizing the constitutional concerns surrounding indefinite post-removal-order detention, the Supreme Court in *Zadvydas* outlined the permissible duration of an alien's detention while their removal is pending. *Id.* at 682. The Court recognized that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at 699. The alien is "eligible for conditional release" via an Order of Supervision. *Clark v. Martinez*, 543 U.S. 371, 378 (2005). The Court further recognized the "presumptively reasonable period of [post-removal order] detention" is six months. *Zadvydas*, 533 U.S. at 700–01.

A detained alien who brings a *Zadvydas* claim before the six-month period has expired must demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable

future." *Id.* at 697. Following this six-month period, the alien must demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If the alien satisfies their burden, "the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Thus, release is not required for every non-removed alien after six months, however, the parties' relative burdens change as the duration of an alien's post-removal-detention period continues. *See id.*

Petitioner has remained in post-removal-order custody for 520 days—far longer than *Zadvydas*' presumptively reasonable six-month duration. *Id.* at 701. To carry his initial burden, Petitioner "must present something beyond speculation and conjecture." *Idowu v. Ridge*, No. 3:03-CV-1293, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (Ramirez, Mag. J.). Specifically, Petitioner "must demonstrate that 'the circumstances of [his] status' or the existence of 'particular individual barriers to [his] repatriation' to [Eritrea] are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* (quotation omitted). The mere "lack of visible progress" in the removal process is insufficient. *Id.* (quotation omitted). To shift the burden to Respondents, Petitioner must make a non-conclusory showing that "ICE is incapable of executing [his] removal" in the "near future." *Nagib v. Gonzales*, No. 3:06-CV-294, 2006 WL 1499682, at *3 (N.D. Tex. May 31, 2006) (Sanderson, J.).

Petitioner fails to meet his burden. He has not alleged sufficient evidence to establish "that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner has failed to provide evidence as to the circumstances of his status or the existence of particular individual barriers to his repatriation to Eritrea. Petitioner has also failed to

produce any facts indicating that ICE is incapable of effectuating his removal to Eritrea in the near future and that his detention will be of an indefinite duration. *See id.* Because Petitioner fails to meet his burden, the Court need not address whether the Government has sufficiently rebutted Petitioner's evidence. Accordingly, the Court finds that, at this time, Petitioner is not entitled to habeas relief on his *Zadvydas* claim.

### III. Conclusion

Petitioner fails to demonstrate circumstances of his status or barriers to his return to Eritrea that would demonstrate no significant likelihood of removal in the reasonably foreseeable future. Accordingly, the Court **DENIES** Petitioner's writ of habeas corpus, (D.E. 1), and **GRANTS** the Government's motion for summary judgment. (D.E. 14).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 17th, 2026